NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS SANTAMARIA−ESCOBAR, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.   20−70923 <br><br> Agency No. A209-338-758 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 30, 2026[**]
San Francisco, California

Before: SCHROEDER, FRIEDLAND, and COLLINS, Circuit Judges.

Juan Carlos Santamaria-Escobar, a native and citizen of El Salvador,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

affirming the denial by an immigration judge (IJ) of Santamaria-Escobar's

application for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id*. "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Id*. at 1027–28.

Substantial evidence supports the agency's denial of Santamaria-Escobar's asylum and withholding of removal claims based on a lack of nexus to a protected ground. The agency reasonably concluded that Santamaria-Escobar had failed to show that persons resistant to gang recruitment constitute a particular social group. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (stating that groups such young Christian or Honduran men who resist gang recruitment are not cognizable social groups); *see also Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) (per curiam) (holding that "witnesses who . . . could testify against gang members" is not a cognizable particular social group), *abrogated on other grounds by Wilkinson v. Garland*, 601 U.S. 209, 217 n.2 (2024); *Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (upholding agency finding that applicant had failed to "establish that persons who 'report the criminal activity of

2

gangs to the police' are perceived or recognized as a group by society"). The record also does not compel the conclusion that Santamaria-Escobar was persecuted because of an imputed political opinion or his religion. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir. 2002) (imputed political opinion); *Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015) (religion).

Substantial evidence supports the agency's denial of Santamaria-Escobar's CAT claim. The record supports the agency's finding that El Salvador is attempting to combat gang violence. Here, Santamaria-Escobar even testified that the police told him that they would investigate his case. "[G]eneral ineffectiveness on the government's part to investigate and prevent crime [does] not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

The agency had jurisdiction over the removal proceeding. "Nothing in the INA . . . conditions an immigration court's adjudicatory authority on compliance with rules governing notices to appear, whether statutory or regulatory." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191–92 (9th Cir. 2022) (en banc) (internal quotation marks and citations omitted). Rules governing notices to appear are "claim-processing rule[s] not implicating the court's adjudicatory authority." *Id.* at 1191. Thus, any deficiencies in the notice to appear did not deprive the agency of jurisdiction.

**PETITION DENIED.**[1]

---

[1] Santamaria-Escobar's motion to stay removal (Docket No. 1) is also **DENIED**.

4